IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL LEE BRANCH, IV** | : | |
| | : | CIVIL ACTION |
| v. | : | No. 24-5465 |
| | : | |
| **TOM MCGINLEY**, *et al.* | : | |

**McHUGH, J.**                                                                                              **August 22, 2025**

## MEMORANDUM

In February 2022, Petitioner Daniel Lee Branch, IV, pled guilty in state court to aggravated assault and prohibited possession of a firearm. Mr. Branch now submits an amended petition for habeas corpus relief under 28 U.S.C. § 2254, arguing that the state statute which prohibited him from possessing a firearm and served as the predicate for his conviction is unconstitutional. Because Mr. Branch's petition is untimely and he advances no basis for its delay, habeas relief will be denied.

**I.      Procedural Background**

Petitioner was sentenced to an aggregate prison term of 60-144 months on February 25, 2022 in the Pennsylvania Court of Common Pleas for Delaware County. ECF 9-7. Branch did not file a direct appeal and instead filed an untimely state PCRA petition on September 9, 2024, alleging that the Pennsylvania Statute prohibiting certain individuals from possessing firearms, 18 Pa.C.S. § 6105, was unconstitutional. ECF 9-10. With the PCRA petition still pending, Branch then filed a federal petition for writ of habeas corpus on October 15, 2024. ECF 1. Following a clarifying order from this Court, Branch submitted an amended habeas petition on November 12, 2024, which is the basis for this action. *See* ECFs 3, 4.

## II. Standard of Review

Habeas petitions brought pursuant to § 2254 are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. §§ 2241-2255. As an individual in custody pursuant to the judgment of a state court, Petitioner is subject to the one-year filing time limit set forth in 28 U.S.C. 2244(d), which provides as follows:

> (1) A 1-year time period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> **(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;**
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States in removed, if the applicant was prevented from filing such state action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA also provides for a statutory tolling period for instances where "a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . .". 28 U.S.C. § 2244(d)(2) (emphasis added).

## III. Discussion

When a judgment of sentence is entered, an individual has thirty days to initiate a direct appeal, after which point the judgment becomes final. Fed. R. Civ. P. 4(b). Petitioner's judgment of sentence was entered on February 25, 2022, and thus became final on March 27, 2022. Pursuant to Section 2244(d)(1)(A), the deadline for Petitioner to have submitted his request for habeas relief

would have been one year later on March 27, 2023, absent any applicable tolling principles. But Petitioner did not seek habeas relief until October 15, 2024, rendering his petition untimely.

### 1. No Equitable or Statutory Tolling Excuses the Delay

Section 2244(d)(2) tolls the statute of limitations for filing a habeas petition where an application for State post-conviction relief is "properly filed" with respect to the judgment at issue. A PCRA petition must be brought in state court within one year after the judgment of sentence becomes final. Here, the judgment of sentence became final on February 25, 2022, or at the latest, on March 27, 2022, when the time for direct appeal expired. This means that Petitioner would have needed to file his PCRA petition within one year of those dates, in February or March of 2023. *See* 42 Pa.C.S. § 9545(b)(1). But Petitioner did not file his PCRA petition until September 9, 2024 – over a year after the deadline. Because the PCRA petition was untimely, it was *improperly* filed under Section 2244(d)(2), making statutory tolling of the habeas deadline unavailable. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (an untimely PCRA petition is not "properly filed" under the AEDPA and does not toll the limitations period).

Nor is this case a "rare circumstance" where equitable tolling would be appropriate. *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999). Petitioner has not alleged, let alone shown, that he has been diligently pursuing his rights and that some extraordinary circumstance interfered with his ability to file within the required timeframe, making equitable tolling similarly unavailable. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace*, 544 U.S. at 418).

### 2. Petitioner Fails to Offer Any Alternative Basis for the Delay

Section 2244(d)(1) enumerates several circumstances that might excuse strict adherence to the one-year filing deadline for habeas petitions, none of which apply here. First, Petitioner does not propose any alternative starting date for the tolling of his filing deadline. *Id.* § 2244(d)(1)(A).

Second, Petitioner does not allege that there was any impediment that prevented him from timely filing. *See id.* § 2244(d)(1)(B). Third, Petitioner does not identify any newly recognized right from the Supreme Court that would have any bearing on his case. *See id.* § 2244(d)(1)(C). He attempts to argue that the state statute prohibiting certain persons – in his case, those with prior felony convictions – from possessing firearms, is unconstitutional. But such statutes, common under both state and federal law, are constitutional. *See D.C. v. Heller*, 554 U.S. 570, 626 (2008) ("Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons…"); *see also McDonald v. Cty. of Chicago*, 561 U.S. 742, 786 (2010) ("We made it clear in *Heller* that out holding did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons…'"). And no cases have been decided following Petitioner's 2022 judgment to cast doubt on that conclusion.

Finally, Branch's claim does not rest on any factual predicate which could not have been known to him through reasonable diligence prior to the filing of his petition that would justify his late filing. 28 U.S.C. § 2244(d)(1)(D); *Wilson v. Beard*, 426 F.3d 653, 660 (3d Cir. 2005).

Moreover, Mr. Branch was required to file his habeas petition within a year of the date on which his judgment became final. But Mr. Branch submitted his Petition over one and a half years late without any legally sound basis for its delay, warranting its dismissal.

**B. Certificate of Appealability**

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing exists where a reasonable juror would find

it debatable whether the district court was correct in its procedural ruling or in its evaluation of the constitutional claims at issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Given clear AEDPA requirements governing the timing of habeas petitions, no reasonable jurist would question whether Mr. Branch's petition was untimely. Alternatively, no reasonable jurist would find it debatable whether Petitioner's delay was somehow justified based upon the record.

## IV.  Conclusion

For the reasons set forth above, Petitioner's Writ of Habeas Corpus will be dismissed with prejudice and without a certificate of appealability. An appropriate order follows.

 /s/ Gerald Austin McHugh  
United States District Judge
